# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **GREGORY G. POULOS, ET AL.,** | ) |
| Plaintiffs, | ) Case No. 1:12CV00094 |
| v. | ) **OPINION** |
| **GEOMET OPERATING COMPANY, INC., ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Larry D. Moffett, Daniel Coker Horton & Bell, P.A., Oxford, Mississippi, for Plaintiffs; Benjamin A. Street, Street Law Firm, LLP, Grundy, Virginia, for Defendant GeoMet Operating Company, Inc.; Trevor L. Earl, Reed Weitkamp Schell & Vice PLLC, Louisville, Kentucky, for Defendant LBR Holdings, LLC.*

In this case involving a dispute over the ownership of coal bed methane interests, the plaintiffs have moved to voluntarily dismiss the case for lack of subject-matter jurisdiction. The plaintiffs assert that because a beneficiary of a trust that is a member of the defendant limited liability company is a citizen of the same state as one of the plaintiffs, diversity jurisdiction does not exist. For the reasons set forth below, I agree with the plaintiffs and will dismiss the case for lack of subject-matter jurisdiction.

I

This is a civil action involving disputed claims to coalbed methane property located in this judicial district. The plaintiffs have now filed a motion to dismiss the action without prejudice on the ground that they have determined that the court lacks subject-matter jurisdiction because there is not complete diversity of citizenship between them and one of the defendants, LBR Holdings, LLC ("LBR"). LBR counters that jurisdiction does exist and seeks, at a minimum, to be allow to proceed with its Counterclaim. The issues have been fully briefed and are ripe for decision.[1]

It is undisputed that the six plaintiffs in this case are citizens of Florida, New York, and North Carolina. Similarly, the parties do not dispute that defendant GeoMet is an Alabama corporation with its principal place of business in Texas. The citizenship of LBR however, is contested.

LBR is a Virginia limited liability company ("LLC") with two members, both of which are Kentucky trusts. The single trustee of both member trusts is a Kentucky citizen. The beneficiaries of the member trusts are citizens of Kentucky, Tennessee, and North Carolina.

---

[1] Defendant GeoMet Operating Company, Inc. ("GeoMet") agrees that there is no subject-matter jurisdiction and also requests that all claims be dismissed without prejudice on that ground.

The parties agree on the well-settled principle that an LLC has the citizenship of all of its members. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). The plaintiffs contend that because one of the LBR member trusts' beneficiaries is a citizen of North Carolina and a plaintiff is also a citizen of North Carolina, complete diversity does not exist and the case must be dismissed for lack of subject-matter jurisdiction. LBR counters that the citizenship of the trustee, rather than the citizenship of the trusts' beneficiaries, should control the citizenship of the member trusts and, therefore, of LBR. LBR argues that based on the citizenship of the trustee, the trusts and LBR are citizens of Kentucky alone. The question presented, then, is whether the citizenship of a trust is determined by the citizenship of (a) its trustees, (b) its beneficiaries, (c) either its trustees or its beneficiaries depending on the particular facts, or (d) both its trustees and its beneficiaries.

II

Neither the Supreme Court nor the Fourth Circuit has addressed the precise issue presented here. In *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), the Supreme Court held that trustees who sued in their own names were real parties to the controversy because they actively controlled the trust's assets and the litigation. A number of courts have relied on *Navarro* for the proposition that a

trust has the citizenship of its trustees. *See, e.g.*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 n.6 (5th Cir. 2009); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) (unpublished); *Schaftel v. Highpointe Bus. Trust*, No. WMN-11-2879, 2012 WL 219511, at *2 (D. Md. Jan. 24, 2012); *Bostic Dev. at Lynchburg, LLC v. Liberty Univ., Inc.*, No. 6:05 CV 00013, 2005 WL 2065251, at *1 (W.D. Va. Aug. 25, 2005). However, the Supreme Court has since declared that "*Navarro* had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-93 (1990). In *Carden*, the Court held that the citizenship of a limited partnership depends on the citizenship of all of its members, including the limited partners. *Id.* at 195-96. Following *Carden*, some courts have found that the citizenship of a trust depends on the citizenship of all of its beneficiaries, as they are analogous to being the "members" of the trust. *See, e.g.*, *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1339 (11th Cir. 2002); *In re A.H. Robbins Co., Inc.*, 197 B.R. 575, 579 (Bankr. E.D. Va. 1995).

The Third Circuit thoroughly analyzed the various potential ways of determining a trust's citizenship in *Emerald Investors Trust v. Gaunt Parsippany*

*Partners*, 492 F.3d 192 (3d Cir. 2007). The *Emerald Investors* court assessed four options:

> (a) look to the citizenship of the trustee only; (b) look to the citizenship of the beneficiary only; (c) look to the citizenship of either the trustee or the beneficiary depending on who is in control of the trust in the particular case; or (d) look to the citizenship of both the trustee and the beneficiary.

*Id.* at 201. The court found that looking only to the trustee's citizenship is not clearly supported by *Navarro* and may be incompatible with *Carden*. *Id.* at 202. The court further concluded that in cases where a local trustee exercises all control over the trust and the litigation, looking only to the beneficiary's citizenship may fail to serve the purpose of diversity jurisdiction — to avoid local bias or prejudice. *Id.* The third option, a fact-specific inquiry into who controls the trust's assets and the litigation, would be burdensome for both courts and parties and would lack the clarity and definiteness desired of jurisdictional rules. *Id.* at 202-03. Ultimately, the *Emerald Investors* court decided that the best option is to consider the citizenship of both the trustee and the beneficiary. Such an approach creates a bright-line rule, and it "obviates the possibility of an illogical outcome under a trustee or beneficiary-only approach in a case in which the trustee controls the trust and the beneficiary is merely passive, or vice versa." *Id.* at 203-04. Several district courts considering the question have adopted the same approach. *See, e.g.*, *Mecklenburg Cnty. v. Time Warner Entm't-Advance/Newhouse P'ship*, No.

3:05CV333, 2010 WL 391279, at *3-4 (W.D.N.C. Jan. 26, 2010); *San Juan Basin Royalty Trust v. Burlington Res. Oil & Gas Co.*, 588 F. Supp. 2d 1274, 1280 (D.N.M. 2008).

I conclude that the test applied by the Third Circuit is well-reasoned and is the most desirable of the four options. Therefore, I hold that LBR has the citizenship of both its trustee and its beneficiaries, meaning that LBR is a citizen of Kentucky, Tennessee, and North Carolina. Because plaintiff Derek B. Rogers is also a citizen of North Carolina, complete diversity of citizenship is lacking, and I must dismiss this case for lack of subject-matter jurisdiction.[2]

III

For the foregoing reasons, I find that this court lacks subject-matter jurisdiction and will grant the defendants' Motion for Dismissal of Action. A separate order will be entered herewith.

DATED: June 6, 2013

/s/ James P. Jones
United States District Judge

---

[2] LBR asks me to allow its Counterclaim to proceed in this court despite granting the plaintiffs' motion for voluntary dismissal. That I cannot do, because the Counterclaim suffers from the same lack of diversity as the plaintiffs' claims. Thus, the entire case must be dismissed.